IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATEO WALTER CORIO-SANCHEZ,

Petitioner,

vs.

MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and CAROLYN SOMMER, in their official capacity as Acting Warden, McCook Detention Center,

Respondents.

**4:26CV3173**

**ORDER TO SHOW CAUSE**

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Mateo Walter Corio-Sanchez, a citizen of Guatemala who entered the United States more than five years ago as an unaccompanied child (UAC) and was released to a relative, challenges his redetention for removal without notice or opportunity to be heard in violation of his constitutional due process rights. Filing 1 at 1–2 (¶¶ 1-5), 5 (¶ 18). Corio-Sanchez alleges, "Respondents' re-detention of Petitioner ignores the liberty interest he maintains in his release which was granted in 2019, violates the plain language of the Immigration and Nationality Act ('INA'), the Trafficking Victims Protection Reauthorization Act of 2009 ('TVPRA'), the implementing regulations of

1

those laws, and Petitioner's due process rights under the United States Constitution." Filing 1 at 3 (¶ 7). He asserts a single claim for relief alleging violation of substantive and procedural due process guaranteed by the Fifth Amendment of the United States Constitution. Filing 1 at 17–19 (¶¶ 67–77). No summons has been issued so far and no proof of service on any Respondent has been filed so far. Nevertheless, the Court concludes that it should enter this Order to Show Cause.

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Corio-Sanchez's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Corio-Sanchez's allegations purportedly verified by his attorney acting on his behalf. 28 U.S.C. § 2243; *see* Filing 1 at 21 (verification). Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a time frame for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Corio-Sanchez's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Corio-

Sanchez the opportunity for a written reply after Respondents make their return but before any show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Corio-Sanchez's reply depend upon service on the Respondents, the Court will not set a date and time for any show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

1.      Petitioner Corio-Sanchez shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3.      Respondents shall make a return certifying the true cause of Corio-Sanchez's detention and why his Petition should not be granted not later than three business days after service of Corio-Sanchez's Petition and this Order to Show Cause;

4.      Petitioner Corio-Sanchez shall have three business days after Respondents file their return(s) to file any reply.

5.      Upon the filing of Respondent's return(s) and Corio-Sanchez's reply, the Court will promptly determine whether to set a hearing on this matter.

Dated this 15th day of June, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

4